UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DICKY HOLBROOK, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Civil Action No. 6: 11-202-DCR <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Dicky Holbrook and Defendant Michael J. Astrue, the Commissioner of Social Security. [Records Nos. 10 and 11] Holbrook argues that the Commissioner erred in finding that he was not disabled. More specifically, he claims that the Administrative Law Judge ("ALJ") assigned to his case failed to give proper weight to the opinion of his treating physician and failed to adequately explain his decision rejecting that opinion. Additionally, he asserts that the ALJ failed to consider the combined effects of his impairments on his ability to work and failed to consider the durational requirements of substantial gainful activity. As a result, Holbrook moves the Court to award benefits in his favor or, in the alternative, to remand the case for further administrative consideration.

The Commissioner, contends that the ALJ's decision is supported by substantial evidence and should be affirmed. In addressing Holbrook's claims, he outlines reasons for the ALJ's

-1-

determination to give no weight to the Claimant's treating physician. Further, he asserts the remainder of Holbrook's arguments should be rejected based on the evidence of record and applicable law.

Having reviewed the administrative record and considered the parties' arguments, the Court agrees with the position taken by the Commissioner. Accordingly, the Commissioner's motion for summary judgment will be granted, Holbrook's motion will be denied, and the case will be dismissed.

## I.

Holbrook filed his most recent an application for Supplemental Security Income ("SSI") benefits on April 4, 2008.[1] [*See* Administrative Transcript, pp. 137-140; hereafter, "Tr., pp.___".] He alleged an onset date of disability of March 1, 2006. [Tr., p. 92] Holbrook's claim was denied initially and upon reconsideration. [Tr., pp. 92-94, 98-100] Thereafter, Holbrook was given an administrative hearing before ALJ Don Paris on January 5, 2010. [Tr., pp. 30-61] Holbrook appeared at the hearing by video conference along with her attorney, Roger Riggs, and vocational expert ("VE") Linda Tabor. [Tr., p. 30] On January 26, 2010, the ALJ issued his decision denying Holbrook's claim. [Tr., pp. 10–23] On May 25, 2011, the Appeals Council denied Holbrook's request for review. [Tr., pp. 1–4] Holbrook then filed this action on July 20, 2011, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

---

1 Holbrook filed applications for SSI in 1998, 2000, 2003, and 2007. [Tr., p. 10] The effect of the earlier decisions regarding these earlier claims is discussed in ALJ Paris' January 26, 2010, decision.

**II.**

Holbrook was forty-two years old at the time of the administrative hearing. [Tr., p. 35] He has an eighth-grade education and has a limited ability to read, write, and perform simple math calculations. [Tr., pp. 17, 37-38] Although Holbrook had worked in the past as a construction laborer and rock truck driver, the ALJ found that the Claimant had not performed substantial gainful activity within the past fifteen years. [Tr., p. 21] The ALJ also found that Holbrook suffered from the following severe impairments:

- degenerative disc disease of the cervical spine with chronic neck pain;
- chronic back pain with impaired with impaired conductive study with reduced range of motion;
- status, post myocardial infarction related to cocaine abuse;
- borderline intellectual functioning;
- anxiety disorder, not otherwise specified, with traits of depression;
- personality disorder, not otherwise specified, with antisocial and borderline traits;
- history of polysubstance abuse/dependence.

[Tr., p. 12]

Based on the evidence submitted, ALJ Paris concluded that Holbrook had the Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b). The claimant can lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk a total of 6 hours in an 8-hour workday; and sit a total of 6 hours in an 8-hour workday. He is limited to only occasionally stoop, kneel, or crouch; never crawl; and can only occasionally reach overhead. He should avoid concentrated exposure to extreme cold and heat as well as full body vibration and he should avoid all exposure to

>hazards such as unprotected heights and dangerous machinery. The claimant also suffers with mental impairments and is borderline intellectual functioning; however, he would be able to perform simple work activities in a low stress, object focused work environment in which contact with co-workers and supervisors would be infrequent and casual in a non-public work setting in which changes in work activities would be routine and gradual.

[Tr., p. 15-16]

The VE testified that, in view of this RFC, Holbrook was able to perform light entry-level work. [Tr., pp. 58-59] However, if the Claimant's testimony regarding his limitations was found to be fully credible, the VE indicated that there would be no work in the national or regional economy that Holbrook could perform. [Tr., p. 59] After considering this testimony together with all other relevant evidence presented, the ALJ found that the Claimant was not fully credible and concluded that he was not disabled within the meaning of the Social Security Act. [Tr., p. 18 (citing 20 C.F.R. § 416.920(g))][2]

### III.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20

---

2   During the administrative hearing, Holbrook's counsel requested that the record remain open to allow an additional document from Dr. James Chaney to be submitted for the ALJ's consideration. Holbrook's counsel described the document as a one-page RFC. It appears that this document dated May 19, 2008, and captioned "Physical Capacities Evaluation" was submitted following the hearing. [Tr., p. 410] This form is discussed more fully below.

C.F.R. § 416.920(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, the claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the Court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they apply the proper legal standard and are supported by substantial evidence. 42 U.S.C. § 405(g).

**IV.**

Holbrook raises five issues in support of his motion for summary judgment. The first, second and fifth issues are essentially the same: that is, whether the ALJ gave proper weight to the report of Dr. Chaney dated May 19, 2008, and whether he adequately explained the reasons for the weight given to that report. In addition to this issue, Holbrook claims that the ALJ erred in failing to consider the combined effects of all of his impairments (Issue No. 3). Finally, he

argues that the ALJ's decision should be reversed because he failed to consider the durational requirements of substantial gainful activity and not merely the ability to find a job and physically perform it (Issue No. 4).

>    **A.    Dr. Chaney's One-Page Submission Dated May 19, 2008, Is Inconsistent With The Objective Medical Evidence, Including Medical Reports of Chaney's Earlier Treatment of the Holbrook.**

Holbrook asserts that ALJ Paris erred by failing to give proper deference to a one-page "Physical Capacities Evaluation" tendered by his attorney following the administrative hearing held on January 10, 2010. Although the report in issue is dated May 19, 2008, the discussion regarding the report occurring during the January 10th hearing clearly indicates that the one-page document was not submitted until some time thereafter. [Tr., pp. 55-56] The subject report appears at page 410 of the administrative transcript. And while the report appears to contain the signature of Dr. Chaney, the ALJ noted that the author of the report was uncertain. Notwithstanding this uncertainty, ALJ Paris proceeded to explain that he gave the report no weight in assessing the Claimant's RFC because, assuming it was signed by Dr. Chaney, it was "totally inconsistent with the preponderance of evidence [including] the medical evidence of record from the claimant's treating practitioners as well as the claimant's reported limitations." Based upon the inconsistencies noted by the ALJ, the Court concludes that he did not err in giving the May 19, 2008, report no weight.

A treating source's opinion as to the nature and severity of a claimant's impairments will be given controlling weight, provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the]

case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original). If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.* These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

In the present case, the ALJ carefully examined all medical evidence relating to Holbrook's objective and subjective symptoms and impairments before concluding that the May 19, 2008, report should be given no weight. Assuming that the report was actually prepared by Dr. Chaney, it indicates – without explanation – that Holbrook would be limited to sitting, standing and walking for one hour in an eight-hour work day. Additionally, it states that the Claimant could only occasionally lift and carry up to ten pounds. The report further indicates that Holbrook could not use his right or left hand for simple grasping or pushing and pulling, but he could use both for fine manipulation. Also, he could not use his feet in operating foot controls. Next, the report states that Holbrook could not bend, squat, crawl, climb, or reach above shoulder level in performing work activities and that he is totally restricted in engaging in work activities involving unprotected heights, being around moving machinery, being exposed to marked changes in temperature and humidity, driving automotive equipment, and being exposed to dust, fumes and gases. [Tr., p. 410]

In rejecting the conclusions contained in the May 19, 2008, report, ALJ Paris noted that the medical evidence presented for his consideration was "devoid of significant medical

treatment' relating to Holbrook's claims of debilitating nack and back pain as well as his claim that he could not work following his cardiac-related impairment. [Tr., p. 19] As the ALJ pointed-out in reaching this conclusion, Holbrook was treated on a regular and continuous basis by Dr. Chaney through June 18, 2008, and subsequently treated at the UK North Fork Valley Community Health Center with primary complaints of neck and back pain. However, there is no indication of any treatment by a neurologist, orthopedist, or other specialist relating to neck and back complaints. In fact, Holbrook failed to seek an evaluation by a neurosurgeon on two occasions after being advised to seek such treatment. Likewise, the medical evidence presented does not indicate that Holbrook sought any follow-up treatment following his hospitalization in February 2008 for his cardiac-related episode. Instead, the medical records regarding this hospitalization were negative for ischemic heart disease. [Tr., pp. 19-20]

ALJ Paris also gave full consideration to Holbrook's complaints of neck and back pain before rejecting the conclusions outlined in the May 19, 2008, report. Holbrook's medical records indicate that, on April 13, 2007, he indicated to Dr. Chaney that his treatment had improved his activities of daily living as well as his ability to ambulate and use his lower extremities. However, subsequent medical records dated July 10, 2007, November 9, 2007, and March 1, 2008, indicate that Holbrook's claims relating to low back and neck pain were inconsistent regarding both severity and duration. [Tr., pp. 235-266 and pp. 356-385; Exhibits C2F and C12F] As the ALJ correctly noted, neither Dr. Chaney nor the Claimant's treating practioners at UK North Fork Valley Community Health Center indicated in their treatment notes that Holbrook's impairments precluded him from performing work-related activities or

informed him that his impairments precluded him from working. [Tr., p. 20][3] And while ALJ Paris also considered the assessments preformed by non-examining physicians, he determined that Holbrook's ability to perform work-related activities was more limited than those physicians suggested.[4] However, this additional medical evidence does support the ALJ's decision regarding the extent of Holbrook's limitations and the effect of his impairments on his ability to work. *See* 20 C.F.R. § 416.927(d), (f); *McGrew v. Comm'r of Soc. Sec.*, 343 F.App'x 26, 31-32 (6th Cir. 2009).

### B. Combined Effect of Impairments

While Holbrook argues that the ALJ did not consider the cumulative effect of his impairments, this argument is not supported by the record. While evaluating Holbrook's individual impairments, ALJ Paris concluded that the Claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.02, 12.06, 12.08, and 12.09. [Tr., p. 14] Further, at page 11 of his Decision, the ALJ explained the basis for his conclusion that Holbrook's mental impairments would not prevent him from performing substantial gainful activity. More specifically, the ALJ concluded that:

> The claimant's allegations of mental impairments to include borderline intellectual functioning, an anxiety disorder, a personality disorder, and a history of polysubstance abuse were further considered in determining his residual functional capacity. Although the claimant is alleging an inability to perform work-related activities secondary to his mental impairments, the medical evidence

---

3     The Commissioner correctly notes that a July 2007 MRI of Holbrook's cervical spine was not significantly different from a similar scan performed in September 2003. Additionally, Dr. Chaney's May 19, 2008, report was inconsistent with Holbrook's statements regarding his impairments, treatment and daily activities. [Tr., pp. 14-15, 19-20, 21]

4     This determination was base, in large part, on the weight given by the ALJ to the Claimant's subjective complaints. [Tr., p. 20]

> of record is devoid of regular and continual treatment to include outpatient counseling secondary to the claimant's alleged mental impairment. The medical evidence of record is further devoid of emergency room treatment or hospitalizations secondary to exacerbated mental health symptoms. Furthermore, at the hearing, the claimant testified that he was treated for mental health issues in the past but was no longer seeking treatment and was not prescribed psychotropic medications. I find the lack of treatment by a mental health professional is indicative that the claimant's mental impairments are not as severe as alleged.

[Tr., p. 20] Rather than fully credit Holbrook's claims of mental impairments, the ALJ gave significant weight to the mental assessments of Dr. Brake and Dr. Stodola (non-examining physicians) who performed "thorough reviews of the medical evidence" as well as the prior decisions of ALJs based on their assessments of the evidence. [Tr., p. 21]

The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. §§ 404.1523, 416.923. The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Here, ALJ Paris made a specific finding that Holbrook "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 13; Finding No. 3 (emphasis added)] He also made multiple references in his decision to Holbrook's "impairments" (plural) and discussed each impairment in detail. [Tr., p. 13-21] Further, as noted by the Commissioner, the Claimant's counsel fails

to explain how the combined effects of Holbrook's impairments resulted in any limitation in excess of his RFC. Accordingly, the Court rejects this argument.

### C. Ability to Hold a Job for a Significant Period of Time

Finally, Holbrook cites, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), in support of his argument that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 10, p. 4-5] He asserts that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Brewer v. Astrue*, No. 11-105-DCR, 2011 U.S. Dist. LEXIS 134763 (E.D. Ky., Nov. 15, 2011); *Wilson v. Astrue*, No. 10-89-DCR, 2010 U.S. Dist. LEXIS 109750 (E.D. Ky., Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008). Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16. Thus, the RFC set out in ALJ Paris' decision reflected his determination of the type of work Holbrook could perform for a significant period of time. *See id.*

**V.**

Although Holbrook has established that he suffers from some medical and mental impairments, he has not established that his impairments, either alone or in combination, are severe enough to warrant an award of supplemental security income. Further, the ALJ did not err in rejecting the conclusions contained in the May 19, 2008, purportedly offered by Dr. Chaney. The Court also concludes that the ALJ fully considered Holbrook's testimony but found him to be not fully credible for reasons that were properly explained in his decision. Viewing the record as a whole, substantial evidence supports the Commissioner's determination that Holbrook is not disabled under the Social Security Act. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Dicky Holbrook's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No.11] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 28th day of November, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge